THE VILLAGE OF FLUSHING, Respondent, *v.* PATRICK CARRAHER, Appellant.

87h 63
50ad506
87h 63
d 78 AD⁴571

*Flushing board of health — cannot make ordinances reserving a right to license a thing prohibited by the ordinance — the existence of a nuisance may be contested in the courts.*

The board of health of the village of Flushing, deriving its powers from section 21 of chapter 661 of the Laws of 1893, enacted the following ordinance: "No cows shall be kept within two hundred (200) feet of any dwelling in the village of Flushing without a special permit obtained from the Board of Health."

To recover a penalty imposed for a violation of this ordinance an action was brought, in which the plaintiff recovered.

*Held,* that the ordinance was invalid;

That while under the powers given to the board by statute it would have been competent for it to have promulgated a general regulation forbidding the keeping of cows within 200 feet of a dwelling house, the board, by the use of the words "without a special permit," had taken to itself the power of licensing cow stables in certain cases, a power not conferred by the statute;

That the only powers given by the statute were: *First,* the power of general regulation, or quasi legislation; and, *second,* the power to abate a particular nuisance, and that the board must confine itself to these methods.

*It seems,* that where such a board makes an order for the suppression of a nuisance in a particular case the offender still has the right to contest in court the question of the existence of the nuisance.

APPEAL by the defendant, Patrick Carraher, from a judgment of the County Court of Queens county in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 20th day of

September, 1894, upon the verdict of a jury rendered after a trial at the County Court of Queens county.

*C. A. S. Van Nostrand,* for the appellant.

*Joseph Fitch,* for the respondent.

CULLEN, J. :

This is an appeal from a judgment of the County Court in favor of the plaintiff entered on a verdict directed by the court. The action is to recover fifty dollars as a penalty for violating the following section of the health ordinances enacted by the board of health of the village of Flushing : " No cows shall be kept within two hundred (200) feet of any dwelling in the village of Flushing without a special permit obtained from the Board of Health. Any violation of the provisions of this ordinance shall be punished by a fine of fifty dollars." There is no doubt of the fact that the defendant did violate this ordinance. The defendant, however, claims that to subject him to the penalty prescribed it was necessary to show more than a mere violation of the ordinance ; that it was incumbent on the plaintiff to establish by proof that the keeping of the cows was a nuisance, and, further, the defendant challenges the validity of the ordinance itself.

It is true that the declaration of a board of health that a particular thing is a nuisance will not make it such, if in law it is not a nuisance, and that the question of nuisance is still open to determination in the courts. (*People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1.)

This case does not fall within that principle. The ordinance is in the nature of a general police regulation, which, if justly within the police power, can be enacted by the Legislature itself, or committed by the Legislature to the boards of health. (*Health Department* v. *Rector, etc.,* 145 N. Y. 37; *Polinsky* v. *People,* 73 id. 70.)

That such an ordinance as the one under review should be valid it is necessary that it should be reasonable. There was no proof offered by defendant to show that the ordinance was unreasonable. Certainly the presence of cow stables may affect public health, and if the locality was densely populated might even justify their prohibition.

But there is one vice in this ordinance that renders it, in our judgment, invalid. The powers conferred upon the local boards of health (§ 21, chap. 661, Laws 1893) are: "Every such local board shall make and publish, from time to time, all such orders and regulations as they may deem necessary and proper for the preservation of life and health and the execution and enforcement of the public health law in the municipality. It shall make, without publication thereof, such orders and regulations for the suppression of nuisances, and concerning all other matters in their judgment detrimental to the public health in special or individual cases, not of general application, and serve copies thereof." The powers thus granted are of two distinct characters; the first, the power of general regulation or quasi legislation; the second, the power to abate a particular nuisance. A failure to obey any valid exercise by the health board of the first power would, under the case of *Health Department* v. *Rector, per se,* subject the offender to punishment. But on a violation of an order of the health board under the second power the party would, under the authority of *People ex rel. Copcutt* v. *Board of Health (supra),* still have the right to contest in court the question of the existence of a nuisance. The board of health, by the ordinance under review, has not forbidden the keeping of cows within 200 feet of a dwelling house, but so keeping cows without a special permit. In other words, the board has taken to itself the power of licensing cow stables. No such power has been granted it by the Legislature. If the matter is such that a general ordinance can be passed upon the subject, then such an ordinance should be enacted, and all will be bound by it. If not susceptible of general regulation, then the board should proceed by special order in the particular case, when the person attacked may defend himself in the courts. The powers vested in boards of health are very great; probably necessarily so. But to give these boards the licensing power or power to dispense with their own general regulations in behalf of some favored individual might lead to the greatest abuse and jobbery. So a by-law providing that no person should keep a slaughter house without a special resolution of the council was held invalid as creating a monopoly. (*In re Nash,* 33. U. C. Q. B. 181.)

So, also, where the trustees of a village were authorized to fix a

fire district within which frame buildings should not be constructed, and an ordinance was passed fixing a district within which such buildings should not be erected without the consent of the trustees, we have intimated that the ordinance was bad. (*Village of New Rochelle* v. *Lang*, 75 Hun, 608.)

The judgment appealed from should be reversed and the complaint dismissed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and complaint dismissed, with costs.