(35 Misc. Rep. 392.)

UNITED TRACTION CO. v. CITY OF WATERVLIET et al.

(Supreme Court, Special Term, Albany County.    July, 1901.)

1. CITY ORDINANCE—INJUNCTION—SPEED OF STREET CARS.

A city will be enjoined from enforcing a penal ordinance or resolution of its common council limiting the speed of street cars in the city to six miles an hour, where the evidence showed that such speed was a detriment to the company and to the public service.

2. SAME—REASONABLENESS.

Under Laws 1890, c. 565, as amended by Laws 1892, c. 676, § 98, local authorities are authorized to make such reasonable regulations and ordinances as to the rate of speed within their boundaries as the interests or convenience of the public may require. A city charter gave the common council power to enact ordinances to regulate the speed of street cars. *Held*, that such an ordinance must be reasonable, and one limiting the speed to only six miles an hour in the city streets is unreasonable and void.

Action by the United Traction Company against the city of Watervliet and others.    Motion to vacate an injunction denied.

P. C. Dugan and W. J. Roche, for plaintiff.
S. W. Russell, for defendants.

CHESTER, J.    The plaintiff operates one of its trolley lines of street cars from the city of Albany through the streets of the defendant city to the city of Troy. For a long time, as stated and conceded on the argument, reduced-rate tickets for fares had been sold in Watervliet to patrons of the road. The abrogation of these by the company resulted in a slight increase of fares. While the community was under the excitement of a discussion of the methods to be pursued to secure from the plaintiff a reduction of fares and the issuance of transfer tickets, the common council of Watervliet passed an ordinance limiting the rate of speed of all street cars in that city to not exceeding 6 miles per hour, notwithstanding that prior to this for a long time a speed of 12 miles per hour had been permitted. The violation of this ordinance was made a misdemeanor. A large number of motormen and conductors, while operating cars, were arrested by the defendants' police, charged with violating this ordinance, cars were left standing on the track, and passengers were ·compelled to get out and proceed on their way on foot. In one instance 17 in one car had to get out and walk to Troy; the sergeant of police, under orders from the acting mayor of Watervliet, having taken possession of the controller handle and reversing lever, without which the car could not be operated. A temporary injunction was thereupon granted, restraining the defendants from enforcing the ordinance until the determination of the action, and this motion is now made to vacate that injunction.

It may be conceded that the enforcement of a penal ordinance will not, as a general rule, be restrained by injunction; for the reason primarily that its validity is a question of law, which may be raised on the part of a person arrested under it by habeas corpus or by an action for damages. Coykendall v. Hood, 36 App.

Div. 558, 55 N. Y. Supp. 718. But this rule is subject to the qualification, which is as well settled as the rule itself, and which is recognized in the case above cited, that a court of equity may in a proper case interfere by injunction to restrain any act or proceeding, whether connected with crime or not, which tends to the destruction or impairment of property or property rights. 1 Beach, Inj. pp. 75, 76, § 60; 1 High, Inj. (3d Ed.) § 68. It should be borne in mind that this action is not brought by a person under arrest, or who is threatened with arrest. It is not brought to determine the guilt or innocence of a defendant charged with a misdemeanor. If it were, a court of equity could not be successfully appealed to to restrain the prosecution. On the contrary, it is brought against the municipal authorities upon the allegations that they have adopted and are attempting to enforce an invalid ordinance, the enforcement of which will result in great injury to the plaintiff's rights. If the ordinance in question is void, its enforcement is not only an unlawful impairment of the property rights of the plaintiff, but the convenience and rights of the traveling public are unjustly infringed. The aid of equity may therefore be invoked on those grounds, as well as to prevent a multiplicity of suits, which must ensue if all the operators of plaintiff's cars are to be arrested for running them at a rate of speed in excess of that mentioned in the ordinance.

It is true that the charter of Watervliet gives power to its common council to enact ordinances to regulate the speed of street cars (Laws 1896, c. 905, tit. 4, § 14b); but the railroad law (section 98) provides that the local authorities "may make such reasonable regulations and ordinances as to the rate of speed * * * as the interests or convenience of the public may require." Laws 1890, c. 565, as amended by Laws 1892, c. 676, § 98. These statutes must be construed together, and effect must be given to both, if possible. To do that it will be seen that the ordinances which are authorized to be enacted must stand the test of reasonableness, and they must be such as the interests or convenience of the public require. The interests of the public require that cars in public streets shall be operated at a rate of speed that shall be low enough not to be dangerous to the safety of the person or the property of those using the streets, and the convenience of the public requires them to be operated at as high a rate of speed as is commensurate with reasonable safety. What is a correct and reasonable rate for cars operated by electricity has come, by several years' experience, to be quite well settled in this locality. For a number of years a rate of 12 miles per hour has been permitted in Watervliet. While it is alleged generally in the moving affidavits that it was because this was a dangerous rate of speed, and because of complaints made to the aldermen on account thereof, that the ordinance in question was passed, yet there is no proof that any accident has ever happened because of the higher rate. The statement, solely on information and belief, that numerous accidents have happened, cannot be taken as proof. Neither is there any proof, beyond the mere statement of the conclusion, that the

interests or convenience of the public require the change. The only specification of an accident is that at one time a car collided with a horse attached to a hose cart, but even that is made on information and belief only. While the court may not properly look into the motives which prompted the local authorities to pass the ordinance upon the question of its validity, yet, in determining the truth or falsity of the statement in the moving papers that it was passed because of complaints made to the aldermen on account of the dangerous rate of speed prevailing, and in determining the weight to be given to such statement, the absence of any legal proof in support of the conclusion involved therein may properly be considered; and, in considering the value of that statement as proof, it need not be overlooked that the ordinance was passed at a time when the community was excited over several alleged grievances against the plaintiff, none of which, so far as the papers indicate, had any relation to the rate of speed with which cars were operated. It is not to be believed, under these circumstances, that whatever complaints were made to the aldermen were honestly based upon any apprehended danger from the rate of speed then prevailing. It cannot be that any considerable number of the residents of Watervliet who have occasion to use street cars honestly desire to travel at only one-half the speed generally prevailing in neighboring communities, nor that their interests or convenience would be promoted by so doing. In each of the cities of Cohoes and Rensselaer, where the traffic on the streets is as great as in Watervliet, and also in the city of Albany, where the population and street traffic are much greater than in Watervliet, 12 miles per hour is permitted, except in some congested localities in Albany, where the rate is 8 miles per hour. The streets through which the plaintiff operates its cars in Watervliet are wide, substantially straight, and comparatively level. No impediment exists to the operation of cars there at a fair rate of speed, and at such a rate as will best serve the interests and convenience of the traveling public. It is clearly shown that cars can be and have been operated with reasonable safety at 12 miles per hour. This is the rate generally prevailing in this locality. A speed of 6 miles per hour will require a car to consume 20 minutes in passing over the 2 miles of the plaintiff's road in Watervliet. The same rate would require 1 hour in going from Albany to Troy. That speed would have been no tax upon the energy of the average team doing service in the days of stages and horse cars, and will not satisfy the requirements or the convenience of travelers in cars propelled by electricity in 1901. If the plaintiff, and not the common council, had established this slow rate of speed, the citizens of Watervliet would have been unanimous in raising their voices in protest. The proofs show that during the short time the plaintiff operated its cars at this slow speed, in obedience to the requirements of this ordinance, numerous complaints were made by passengers, and it suffered a large loss of patronage. I can come to no other conclusion on the papers submitted to me than that this ordinance is one materially impairing the property rights of the plaintiff, that

it is subversive of the interests and convenience of the public, and that it is unreasonable, and therefore void. If there has been any unjust discrimination against the residents of Watervliet on the subject of transfers by the plaintiff, or if the act of the plaintiff in abrogating the sale of reduced-rate tickets has resulted in an unjust increase of rates for the transportation of passengers, as is claimed by the defendants, the remedy must be found otherwise than in the passage of a void ordinance, the enforcement of which is not only destructive of the property rights of the plaintiff, but also a serious interference with the rights of the traveling public, not all of whom, by any means, are residents of the city of Watervliet. The motion is denied, with costs.

Motion denied, with costs.