BUFFALO FERTILIZER CO. v. TOWN OF CHEEKTOWAGA et al.

(Supreme Court, Special Term, Erie County. January 6, 1909.)

1. MUNICIPAL CORPORATIONS (§ 607*) — LICENSING TRANSPORTATION OF GARBAGE.

Though a town board can properly regulate the mode of transportation of garbage over its streets, its ordinance, prohibiting any one transporting garbage over the town streets without the written consent of its commissioner of highways and declaring a penalty for so doing, is an illegal attempt to license; this not being within the things enumerated by Laws 1906, p. 714, c. 306, for which such board may require a license.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1341; Dec. Dig. § 607.*]

2. MUNICIPAL CORPORATIONS (§ 607*)—POLICE POWER—DISPOSAL OF GARBAGE.

An ordinance prohibiting the transportation of garbage over the street of a town without the written consent of its commissioner of highways,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and prescribing no terms or conditions on which a consent or license shall
be given, is void, as giving him arbitrary power in the matter.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1341; Dec. Dig. § 607.*]

3. INJUNCTION (§ 85*)—ENFORCEMENT OF VOID ORDINANCE.

Where a void ordinance is sought to be enforced, one whose interests
will be injured thereby may have its execution enjoined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 155; Dec. Dig.
§ 85.*]

Action by the Buffalo Fertilizer Company against the Town of
Cheektowaga and others. Plaintiff moves for continuance of a pre-
liminary injunction. Motion granted.

William B. Wright, Jr., for plaintiff.
William P. Brennan, for defendants.

WHEELER, J. This is a motion to continue a preliminary injunc-
tion restraining the town of Cheektowaga, the members of its town
board, the members of its board of health, its highway commissioner,
and constables from interfering with the business of the plaintiff, by
arresting or interfering with its servants and employés engaged in the
business of transporting garbage from the city of Buffalo to the plant
of the plaintiff in the village of Sloan and town of Cheektowaga. The
complaint and affidavits disclose that the plaintiff has a contract with
the city of Buffalo for the removal of garbage from said city, and that
in its business it has been transporting such garbage to its plant in the
village of Sloan for treatment; that in order to reach its plant it is
necessary to pass over and along a certain highway in the town of
Cheektowaga; that prior to the commencement of this action the town
board of said town of Cheektowaga assumed to amend section 4 of
certain sanitary regulations of the town of Cheektowaga, so as to read
as follows:

"Resolved, that section 4 of certain 'Sanitary Regulations' of the town of
Cheektowaga, Erie county, New York, heretofore adopted by the town board
of said town, on the 16th day of June, 1908, be and the same is hereby
amended to read as follows:

"Sec. 4. House Refuse, Garbage, etc.—No house or table refuse, offal, garb-
age, dead animals, decaying vegetable matter, or organic waste substances of
any kind shall be thrown upon any street, road, or public place and no putrid
or decaying animal or vegetable matter shall be kept in any house, yard, cel-
lar or outbuilding for more than twenty-four hours. All receptacles for such
garbage, etc., shall be metallic and provided with metallic covers, which must
be kept properly adjusted to the same. No person or corporation shall carry
or convey, or cause to be carried or conveyed any house, table or kitchen ref-
use, or any offal, garbage, dead animal, decaying vegetable matter or organic
waste substances of any kind through any street or alley of the town of
Cheektowaga in any vehicle unless the written consent of the commissioner of
highways shall have theretofore been obtained by such person or corporation.
Any person violating any of the provisions of this section shall forfeit and
pay a fine, or penalty of not less than $5.00, nor more than $25.00 for each and
every offense."

It is alleged the commissioner of highways has refused to give a per-
mit to the plaintiff, and the town authorities have arrested and prose-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cuted, and threaten to continue to arrest and prosecute, the employés of the plaintiff for driving teams drawing wagons loaded with garbage for a violation of this ordinance. The complaint alleges the ordinance or regulation is void and unreasonable, and asks this court to restrain its enforcement.

Probably by virtue of the powers conferred upon town boards by chapter 306, p. 714, of the Laws of 1906, the town board was vested with authority to properly regulate the transportation over its highways of wagons conveying garbage. The regulation or ordinance actually passed by the board is subject to the criticism that the board by this act has transgressed those powers, in that it has assumed to exact a license from persons or corporations to transport garbage along or over the highways of the town. The ordinance in question declares that no such garbage shall be transported without the "written consent" of the commissioner of highways. Chapter 306, p. 714, of the Laws of 1906, defines for what particular things licenses may be required. Town boards are given power—

"to license and regulate plumbers, hucksters, peddlers, junk dealers, pawnbrokers, and the business of pawnbrokerage, and to fix the fees to be charged by pawnbrokers, in their business; to regulate the running at large of dogs and to license the same; to prohibit, license, and regulate public billiard rooms, bowling alleys, and exhibitions of shows of every kind, and of theatrical representations; to prescribe the terms and conditions on which licenses shall be granted."

Here the enumeration of things subject to license by town authorities ends, and it will be noted no authority is given to exact any license for the privilege of using the highways for any purpose. While the proper town board has undoubted power and authority to prescribe by reasonable regulations the mode and manner of transporting garbage over and along its highways, and to impose penalties for the violation of such regulations (Town of Newtown v. Lyons, 11 App. Div. 106, 42 N. Y. Supp. 241; Mayor v. Furgueson, 23 Hun, 594; Ex parte Casinello, 62 Cal. 538; People v. Gordon, 81 Mich. 306, 45 N. W. 658, 21 Am. St. Rep. 524), yet, when the town board undertook to exact a license or special permit to do these things, it went beyond the powers confided to it, and limited the right to transport garbage to those obtaining a license from the highway commissioner. This has been condemned by the courts.

In the case of Village of Flushing v. Carraher, 87 Hun, 63, 33 N. Y. Supp. 951, it appeared that the board of health of the village of Flushing, deriving its powers from section 21 of chapter 661 of the Laws of 1893, enacted the following ordinance:

"No cows shall be kept within two hundred (200) feet of any dwelling in the village of Flushing without a special permit obtained from the board of health."

In an action to recover a penalty imposed for a violation, it was held the ordinance was invalid; that while, under the powers given to the board by statute, it would have been competent to have promulgated a general regulation forbidding the keeping of cows within 200 feet of a dwelling, the board, by the use of the words "without a special per-

mit," had taken to itself the power of licensing, which had not been conferred by statute.

An examination of the powers conferred upon town boards and other town officials, giving to them the power to license in certain specified matters, does not enumerate any power to license in a case such as is here presented. The proper board, beyond question, had the right to prescribe the general conditions under which garbage may be transported and impose penalties for violating those conditions; but the right to transport garbage would then be open to every one without discrimination, and not depend upon the granting or withholding of a license. The case of Village of Flushing v. Carraher, 87 Hun, 63, 33 N. Y. Supp. 951, has been cited in later cases, and with apparent approval so far as it defines the power of towns to grant licenses except in cases where the power is expressly conferred. See People v. Vandecarr, 175 N. Y. 446, 67 N. E. 913, 108 Am. St. Rep. 781; People v. Davis, 78 App. Div. 571, 79 N. Y. Supp. 747.

The provisions of the regulation in question are subject to the further criticism that this regulation does not prescribe the terms and conditions upon which a consent or license shall be given or withheld, but commits to the commissioner of highways of the town of Cheektowaga the unlimited and absolute power to grant or withhold his consent, as he may himself determine. All regulations of this character should be uniform in their provisions, and any regulation which vests in an officer the power to act arbitrarily, power to give a license to one and to refuse his consent to another similarly situated, will be deemed invalid. Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; Gundling v. Chicago, 177 U. S. 183, 20 Sup. Ct. 633, 44 L. Ed. 725; Noel v. People, 187 Ill. 587, 58 N. E. 616, 52 L. R. A. 287, 79 Am. St. Rep. 238; Dunham v. Trustees of Rochester, 5 Cow. (N. Y.) 462; City of Brooklyn v. Breslin, 57 N. Y. 591; Meinrenken v. N. Y. C. & H. R. R. Co., 81 App. Div. 132, 80 N. Y. Supp. 1074; City of Baltimore v. Radecke, 49 Md. 217, 33 Am. Rep. 239.

The principle is well illustrated in the case of Yick Wo v. Hopkins, 118 U. S. 358, 6 Sup. Ct. 1064, 30 L. Ed. 220, where a municipal ordinance of the city and county of San Francisco provided as follows:

"It shall be unlawful, from and after the passage of this order, for any person or persons to establish, maintain or carry on a laundry within the corporate limits of the city and county of San Francisco without having first obtained the consent of the board of supervisors, except the same be located in a building constructed either of brick or stone."

The Supreme Court of the United States held that the ordinance intended and conferred, not a discretion to be exercised upon a consideration of the circumstances of each case, "but a naked and arbitrary power to withhold consent, not only as to places, but as to persons"; that it was "purely arbitrary, and acknowledges neither guidance nor restraint," and is therefore void. The court said that:

"When we consider the nature and the theory of our institutions of government, the principles upon which they are supposed to rest, and review the history of their development, we are constrained to consider that they do not mean to leave room for the play and action of purely personal and arbitrary power." Page 369 of 118 U. S., page 1071 of 6 Sup. Ct. (30 L. Ed. 220).

Let us apply this general rule to the regulation now sought to be enforced against the plaintiff in this action. The earlier portions of the section relate to how garbage shall be kept in "any house, yard, cellar or outbuilding," providing that all receptacles for same shall "be metallic and provided with metallic covers." These provisions clearly relate· to garbage kept upon premises, as distinguished from garbage transported along the highways. The subsequent portions of the regulation relate entirely to the transportation of garbage along and over the highways, and provide:

"No person or corporation shall carry, or cause to be carried or conveyed any house, table or kitchen refuse, or any offal, garbage, dead animal, decaying vegetable matter or organic waste substances of any kind through any street or alley of the town of Cheektowaga in any vehicle unless the written consent of the commissioner of highways shall have theretofore been obtained by such person or corporation."

This portion of the regulation is an attempt to vest illegal arbitrary power in the highway commissioner of the town. The regulation in question does not assume to prescribe the rules or conditions under which garbage may be transported. It does not undertake to say when or how the consent shall be granted or denied. The applicant for consent is given no guide or information as to what he must do to entitle him to a consent. The regulation simply leaves the matter to the option and arbitrary power of the highway commissioner to grant or refuse his consent. This renders the regulation in question illegal and void. It has been repeatedly condemned as such by the courts, and is not entitled to be enforced.

When an ordinance or regulation is void, and its provisions are sought to be enforced, any party whose interests are to be injuriously affected thereby may, and properly ought to, go into a court of equity, and have the execution of the ordinance or regulation stayed by injunction. Mayor of Baltimore v. Radecke, 49 Md. 232, 33 Am. Rep. 239, and cases cited; Manhattan Iron Works v. French, 12 Abb. N. C. (N. Y.) 446; United Traction Co. v. City of Watervliet, 35 Misc. Rep. 392, 71 N. Y. Supp. 977.

We therefore conclude that the plaintiff is entitled to an order continuing the injunction heretofore granted.

So ordered.