William W. Kenerson, Plaintiff, *v.* Title Guarantee and Trust Company, Defendant.

(Supreme Court, New York Special Term, May, 1917.)

*Contract to purchase real estate — demurrer to answer — judgment for defendant on the pleadings.*

Motion for judgment on the pleadings.

Howard A. Sperry, for plaintiff.

Harold Swain, for defendant.

Lehman, J. The plaintiff alleges that the defendant was employed by plaintiff's assignor to search a title on certain premises and that thereafter it made and delivered a certificate that a good and marketable title thereto could be conveyed free and clear of all incumbrances and defects, and the plaintiff's assignor, relying upon the certificate, accepted a conveyance free and clear of all notices of violations of law, or orders issued by any of the municipal departments of the city of New York; that in fact there existed at that time an order of the fire department requiring the installation of a wet sprinkler system, and the erection of fire escapes; that the fire department required compliance with this order and that

723

such compliance cost the plaintiff's assignor the sum of $7,831.57. The answer sets up as a separate defense that prior to the said employment plaintiff's assignor had entered into a contract with the owner of the premises in which it was provided that she should purchase and take title to the premises irrespective of any violations, order or requirements, existing or purporting to exist, upon the records of the fire department of the city of New York; that she thereafter took title and paid the consideration provided in the contract "which she was obliged to do irrespective of the existence of the alleged order or requirement of the said fire department mentioned in the complaint." The plaintiff has demurred to this answer. The plaintiff can recover for failure of the defendant to make an accurate certificate only if his assignor has been damaged by such inaccuracy. If the plaintiff's assignor was in any event bound to accept title to these premises, then she has not been damaged by the alleged error of the defendant, for she is now in exactly the same position as if the defendant had certified to the true facts. *Palliser* v. *Title Ins. Co.*, 61 Misc. Rep. 409; *Empire Development Co.* v. *Title Guaranty & Trust Co.*, 171 App. Div. 116. The plaintiff claims in his brief that his assignor did suffer damages because the defendant's error precluded her from electing not to take title upon the ground of false representations by the seller as to this very order of the fire department. If I assume that plaintiff's assignor could have avoided her written obligation on the ground of fraud, then the plaintiff is still in a position to controvert the allegations of the defense that she was obliged to take title irrespective of the existence of this order. The defense, however, if established by proof, and not controverted by other affirmative facts such as fraud, would meet all allegations or ordinary inferences of

damage, and is therefore a good defense to the action. Motion for judgment on the pleadings is granted with leave to the plaintiff to withdraw his demurrer, upon payment of ten dollars costs within twenty days.

Ordered accordingly.