TOWN OF HEMPSTEAD, Plaintiff, *v.* ST. CONUS CATHOLIC SOC. OF BROS. CONGREGATION OF MUTUAL BENEVOLENCE, Defendant.

County Court, Nassau County, April 7, 1924.

Towns — ordinances presumed to be valid — ordinance enacted pursuant to Town Law, § 142a, prohibiting discharge of firearms, rockets, gunpowder and other explosives without obtaining license from justice of peace is constitutional — town may recover penalty for violation.

An ordinance is presumed to be valid, unless it appears upon the face thereof to be unreasonable.

An ordinance enacted by a town board, pursuant to section 142a of the Town Law, prohibiting the discharging of firearms, rockets, explosives and the like, without obtaining a license from a justice of the peace, is valid and constitutional, and the town may recover the penalty for a violation thereof.

ACTION by the Town of Hempstead against the defendant to recover a penalty for violation of a town ordinance prohibiting the discharge of firearms, rockets, etc., without obtaining a license from a justice of the peace.

*Henry L. Maxson,* for the plaintiff.

*Neil H. Vandewater,* for the defendant.

SMITH, J.   This is an action brought to recover the sum of fifty dollars as a penalty.   The case was submitted upon an agreed statement of facts, there being no dispute about the facts alleged in the complaint, the defendant contending that the ordinance in question is invalid and unconstitutional.

Questions relating to the validity of ordinances have often been before the courts, and not all of the decisions seem to be in harmony. It seems well established, however, that the presumption is that an ordinance is valid, unless it appears upon the face thereof to be unreasonable.   Dillon Mun. Corp. (5th ed.) 928, § 591.

An examination of the ordinance in this case does not impress me as being unreasonable or unjust.   Section 142-a of the Town Law (as added by Laws of 1919, chap. 218, and amd. by Laws of 1922, chap. 210) gives ample power to the town board to enact ordinances and regulations regarding the discharge of firearms, rockets, gunpowder or other explosives.   The ordinance in question provides for the regulation of discharging firearms, rockets, explosives, etc., and it seems to me the regulation is reasonable, and is in the interest of public safety.

The power to regulate carries with it the power to license. *Roderick* v. *Whitson,* 51 Hun, 620–622; *Cronin* v. *People of the State of New York,* 82 N. Y. 318, 322.   Nor does it seem to me that, because the power to pass upon the application for a permit in the first instance is delegated to a justice of the peace, the ordinance is invalid.

In the case of *People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96, power was delegated to the mayor, and the court in that case held the ordinance was valid and not repugnant to the state or federal Constitution.   In nearly all cases where a permit or license is necessary, according to the provisions of an ordinance, the power to pass upon such applications is delegated to some one.

The applicant always has recourse to the courts in case the discretion in regard to such application be exercised in an arbitrary or unreasonable manner.   In *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473, and many other cases, the courts have upheld ordinances which delegate power to pass upon applications for permits and licenses.

The case of *Village of Flushing* v. *Carraher,* 87 Hun, 63, cited by counsel for defendant, I think is distinguishable from this case. In that case the power conferred upon the board of health by the general act did not include the power to grant permits in special cases.

*People* v. *Davis,* 78 App. Div. 570, involved an ordinance prohibiting keeping and selling of chickens, ducks, geese, etc., in certain places without first obtaining a special permit from the department of health. This ordinance was held to be valid, and the *Flushing* v. *Carraher* case was distinguished.

I am of the opinion the ordinance in this case is valid, and that the plaintiff should have judgment as prayed for, with costs.

Judgment accordingly.