FREDERICK W. PARSONS, as Commissioner of Mental Hygiene of the State of New York, Plaintiff, v. THE TOWN OF SMITHTOWN, SUFFOLK COUNTY, NEW YORK, and Another, Defendants.

Supreme Court, Special Term, Albany County, April 10, 1936.

*John J. Bennett, Jr.,* Attorney-General [*Henry Epstein,* Solicitor General, and *F. R. Chant,* Assistant Attorney-General, of counsel], for the plaintiff.

*Leo Holland,* for the defendant Town of Smithtown.

BERGAN, J.   The complaint seeks, by a declaratory judgment, a determination that two ordinances adopted by the town of Smithtown, Suffolk county, which, among other things, prohibit the discharge of sewage into the Nissequoque river, are ineffective as against the State, its department of mental hygiene, or the officers of such department " both personally and officially." If this relief be not granted, the complaint asks in the alternative a determination that the effluent from the storm sewer system and sanitary sewer system serving the Kings Park State Hospital is not a menace to the health of the inhabitants of the town of Smithtown, and that the ordinances do not apply to such sewer systems.

During the pendency of the action, the plaintiff, who sues as Commissioner of Mental Hygiene, applies for a temporary injunction restraining the town and the sheriff of Suffolk county from the enforcement of the ordinances as against himself and the department employees.

The complaint itself does not seek an injunction. To obtain an injunction during the pendency of this kind of action, the plaintiff must show, in pursuance to Civil Practice Act, section 878, subdivision 1, that the defendant is presently violating, or is about to violate, the plaintiff's rights respecting the subject of the action, " tending to render the judgment ineffectual." The threatened enforcement of the town ordinances as against any one but the plaintiff personally could not, under any possible theory or conception, violate the plaintiff's rights, and even as to him, such enforcement would not render the declaration sought in the judgment ineffectual. A temporary injunction should be granted, in any event, only where there is a clear right to the relief sought in the action. (*Ufa Films, Inc.,* v. *Ufa Eastern Division Distribution, Inc.,* 134 Misc. 129.) Nor have facts tending to show irreparable injury will result in the absence of the injunctive relief been presented. (*Brass* v. *Rathbone,* 153 N. Y. 435.)

But the denial of the motion for an injunction should rest upon broader grounds than those applying merely technically to the nature of the relief sought by this application.

The general validity of the ordinances, as an exercise of the power to protect the health and welfare of the inhabitants of the town of Smithtown, is not challenged by the plaintiff. The ordinances, indeed, have been adopted in pursuance to an express power delegated by the Legislature to the town for the promotion of its public welfare. (Town Law, § 130, subd. 14.) This act authorizes the town board to enact ordinances for the promotion of the health of the community. The ordinances here in question are clearly within the purposes specified by the Legislature, and constitute a valid exercise of the power invested in the town board.

The theory of the plaintiff's cause of action is that the court should exempt him and the officers and employees of the Department of Mental Hygiene from the scope and effect of the ordinances and to create a shield against prosecutions about to be commenced for their enforcement. I am not persuaded that the court has the power that is sought to be invoked, or, if it has, that it should be exercised to create such an exemption.

A State officer may not, by the manner in which he chooses to perform the duties of his office, place himself beyond the operation of a valid penal ordinance. He is favored by no greater immunity against the criminal process than the private citizen. This applies, it seems to me, with special force in respect to an ordinance for the protection of public health. If the act prohibited affects the public health, it serves no purpose whatever, if one class of citizens, even public officials, be allowed to violate it, while another class, private citizens, are restrained by its provisions. The futility of the ordinance, under such a dual arrangement for enforcement, is plainly apparent.

The general rule has been, in this State, that the court will not restrain by injunction the enforcement of criminal law. (*Davis* v. *American Society for the Prevention of Cruelty to Animals*, 75 N. Y. 362.) Authorities cited by the Attorney-General turn upon the invalidity of the ordinance or statute in question. (*Matter of Young*, 209 U. S. 123; 28 S. Ct. 441; 52 L. Ed. 714; *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; *Municipal Gas Co.* v. *Pub. Serv. Com.*, 225 id. 89; *United Traction Co.* v. *City of Watervliet*, 35 Misc. 392.) Here, on the contrary, the ordinances are not attacked as invalid, even as against the plaintiff, but a judgment is sought exempting him from their operation.

Nor do I regard the mere appropriation of funds by the Legislature for a new sewage disposal plant at Kings Park State Hospital,

as having the effect of superseding during the course of construction, by implication or otherwise, the power of the town of Smithtown to enact ordinances affecting the dumping of sewage into rivers within its jurisdiction.

The ordinance being a valid exercise of the power of the town to protect the health of its inhabitants, its enforcement will not be specialized by the compulsion of a court of equity.

The motion for a temporary injunction is denied, without costs. Submit order.