George M. Fanelli, J.
This is a motion by plaintiff to strike out an affirmative defense pleaded in defendant’s answer, because of legal insufficiency (Rules Civ. Prac., rule 109).
The action is based upon a policy of title insurance issued by defendant to plaintiff and poses the interesting question concerning the nature and purpose of such title insurance. The complaint alleges in substance that at the time plaintiff acquired *304 title to the real property in question (April 17,1956) defendant, for a valuable consideration, issued its policy insuring plaintiff’s interest in fee simple to said premises effective as of that date against “ all loss or damage * * * by reason of unmarketability of the title * # * or by reason of liens and encumbrances ” not specifically excepted; that said title policy did not except from its coverage any special assessment liens; that at the time of such conveyance there were in fact special assessments affecting said premises for sewer, grading, paving, curbing and storm drain construction already confirmed on March 23, 1956 to the extent of $2,380.50, which sum is a charge upon said property and which sum plaintiff is obligated to pay.
Defendant in its answer, as well as its brief, admits the aforementioned allegations, but denies that plaintiff has sustained any loss. In the defense, which is now under attack and to which this motion is addressed, defendant urges that the contract of purchase of these premises (signed by plaintiff’s husband, but later assigned to and assumed by plaintiff) provided among other things that the property was sold subject to all assessments and specifically contained the following clause: ‘ ‘ All assessments for recent street improvements, payment of which shall be assumed by the purchaser without abatement of the purchase price.”
Defendant urges that since plaintiff agreed to pay all assessments by virtue of the afore-mentioned contract of purchase, she has accordingly suffered no loss or damage; that she is obliged to do simply what she agreed to do; and that she is now in exactly the same position as if defendant had certified the true facts, i.e., that on the date of the issuance of the policy, there existed special assessments already confirmed and in the nature of a lien. Defendant further contends that the policy of insurance issued by it was an indemnity policy insuring plaintiff against loss or damage, and that if she sustained none, there can be no recovery under it. In support of these arguments, defendant cites the case of Kenerson v. Title Guar. & Trust Co. (100 Misc. 723, affd. 179 App. Div. 898) which was followed in Shechet v. Empire Title & Guar. Co. (Schackno, J., City Court, Bronx County, N. Y. L. J., Nov. 5, 1947, p. 1177, col. 6). However, a careful analysis of these cases leads to the inescapable conclusion that they do not represent the present weight of authority.
The opinion in the Kenerson case (supra) was written by then Mr. Justice Lehman, Supreme Court, Special Term, New York County in May, 1917. In said opinion the court based its *305 decision upon the same contentions now urged by defendant, and relying for his authority on the case of Empire Development Co. v. Title Guar. S Trust Co. (171 App. Div. 116). Mr. Justice Lehman upheld a defense substantially similar in theory and nature to the one now before the court. Mr. Justice Lehman’s decision was affirmed by the Appellate Division (supra) in June, 1917. However, thereafter on December 10, 1918, the Court of Appeals (225 N. T. 53), unanimously reversed the decision of the Appellate Division in the Empire case upon which Mr. Justice Lehman so greatly relied, and held in effect that such a defense was untenable. In its opinion, the Court of Appeals in clear and unambiguous language, and not by way of dictum, as urged by Judge Schackno in the Shechet case (supra) swept away the concept of title insurance adopted by the Appellate Division (179 App. Div. 898) and held that the usual policy of title insurance is more than a contract of indemnity and should be given a broader definition in the nature of a warranty or a covenant against incumbrances. By its decision, the Court of Appeals overruled the Appellate Division’s construction of the word “loss” and said (pp. 59-60): “ the existence and lien of these assessments has been declared. Because under their contract the plaintiffs are compelled to pay them their loss is no less. As is said in Foehrenbach v. German-American Title & Trust Company (217 Penn. St. 331) the word ‘ loss ’ is a "relative term. Failure to keep what a man has or thinks he has is a loss. What the word means is to be measured by the standard accepted between the parties. As a help to our decision we may examine the purpose and object of the contract. To a layman a search is a mystery and the various pitfalls that may beset his title are dreaded but unknown. To avoid a possible claim against him; to obviate the need and expense of professional advice, and the uncertainty that sometimes results even after it has been obtained is the very purpose for which the owner seeks insurance. To say that when a defect subsequently develops he has lost nothing and, therefore, can recover nothing, is to misinterpret the intention both of the insured and the insurer.”
The decision of the Court of Appeals, as afore-mentioned, has frequently been followed and consequently, the court is of the opinion that the decision of Mr. Justice Lehman in the Kenerson case (supra) should not now be followed (see Home Title Ins. Co. v. United States, 50 F. 2d 107, affd. 285 U. S. 191; Holly Hotel Co. v. Title Guar. & Trust Co., 147 Misc. 861, affd. 239 App. Div. 773). “ A policy of title insurance means the opinion of the company which issues it, as to the validity of the title, *306 backed by an agreement to make that opinion good, in case it should prove to be mistaken, and loss should result in consequence to the insured ” (First Nat. Bank & Trust Co. v. New York Title Ins. Co., 171 Misc. 854, 859).
Accordingly, in the light of the afore-mentioned, it is the opinion of the court that the second defense herein is insufficient in law and plaintiff’s motion should be and is granted.
Submit order.