Willard L. Best, J.
The plaintiff makes application for a temporary injunction in an action for a permanent injunction to restrain the defendants from violating an ordinance adopted by the plaintiff’s Town Board, which regulates and licenses the creation of dumps in the Town of Queensbury. The complaint and moving affidavit of the plaintiff set out that the Town of Queensbury, on March 7, 1959, enacted an ordinance which prohibits the operation of a dump or disposal facility in the town unless the Town Board have approved the same by resolution after an application is made and a public hearing held. The City of Glens Falls applied to the Town Board on April 3, 1959 for a permit to operate a city dump on property owned by the city. After a public hearing said application was denied. On April 29, 1959, the Common Council of the City of Glens Falls *672 adopted a resolution authorizing the purchase of other property-in the Town of Queensbury for the purpose of establishing a “rubbish disposal area”. The complaint also alleges that the Mayor of the City of Glens Falls has stated that the city will not make application for a permit to operate a dump on the lands to be purchased and that the city intends to establish and operate said dump without a permit in violation of the ordinance.
The answer of the defendant denies certain of these allegations and sets up the affirmative defense that the proposed use of the property by the City of Glens Falls is governmental in nature and not subject to any zoning ordinance, and the ordinance ‘ ‘ is not a valid exercise of any power which has been delegated by the State to the Town Board of the Town of Queensbury ’ \
The answering affidavit by the Mayor of the City of Glens Falls sets out that the city has operated a dump in the Town of Queensbury all through its corporate existence and that a considerable portion of the land now being used for a dump will be acquired by the State of New York for construction of the “ Interstate Route 502, Hudson River to Gurney Lane in Warren County ”. The city after having been informed of this taking made application to the Town of Queensbury for a permit to use one thousand acres of land that the city owned in the town as a rubbish disposal area. After a public hearing this request was denied, and the Mayor at the time of the hearing, asked if any alternative plan would be agreeable and was told “ no ”. After the hearing the Mayor met with the Town Board and attempted to reach an agreement concerning the using of the land now in question, namely, the property which the city resolved to buy for a disposal area. At that meeting, the affidavit asserts, the board members felt that the city had not exhausted all possibilities of establishing the dump in the city. This affidavit also asserts that the property which the city proposes to buy is best suited for a dump both from the standpoint of economy and a minimum of inconvenience to the town people and that there is no place within the city fit for rubbish disposal.
On its affidavit and complaint, the plaintiff moves for a temporary injunction to enforce its ordinance pursuant to section 135 of the Town Law. The defendant in opposition argues that the town does not have the authority to enforce its ordinance against the City of Glens Falls because the city is engaging in a governmental function, namely, disposing of garbage and refuse, citing Nehrbas v. Incorporated Vil. of Lloyd Harbor (2 NY 2d 190).
*673 The Nehrbas case holds that a village can maintain a barn for the housing of village offices and garaging of village police cars, snow removal equipment, and garbage trucks within a residential zone in the village in violation of its own ordinance as that activity is a governmental function. In discussing the garbage trucks, the court said (pp. 194-195): “ Nor may the disposition of refuse and rubbish be placed in a different classification and treated as nongovernmental. Under the present conditions, the continued well-being and health of the community and its inhabitants, as well indeed of those in nearby sections, demand that garbage be removed. The necessity creates the duty, and it is incumbent upon the municipality to assure its collection and disposal. Whatever the view may have been years ago (see, e.g., Oeters v. City of New York, 270 N. Y. 364; O’Brien v. Town of Greenburgh, 239 App. Div. 555, affd. on other grounds 266 N. Y. 582), such an activity must today be stamped a governmental function.”
It is felt that the Nehrbas case is not controlling on this application for a temporary injunction for even assuming that the maintenance of a dump is a governmental function and the city could violate its own zoning ordinance by establishing it, this principle does not give the city authority to violate a town ordinance. The other distinguishing feature is that the activity sought to be engaged in by the city, namely, creating a dump or disposal area, is different factually. In the Nehrbas case the court stated (p. 195): “ And since there is no evidence in the record before us of a use amounting to a ‘ nuisance in fact,’ and no question of arbitrary or capricious action on the part of the village trustees, we are not called upon to consider or decide the consequences that would ensue if the situation were different.”
Here the situation is in some respects analogous to that presented in Parsons v. Town of Smithtown (160 Misc. 103) where a temporary injunction requested by the plaintiff, Commissioner of Mental Hygiene of the State of New York, was denied by Mr. Justice Bebgab where it was sought to enjoin the town from enforcing its ordinances relating to the discharge of sewage in a river in the town. The Commissioner argued that the ordinance could not apply to the Department of Mental Hygiene. The court rejected that reasoning in refusing to grant the injunction.
The authority to enact the ordinance in question is clear. Subdivision 6 of section 130 of the Town Law permits enactment of ordinances “ Prohibiting and/or regulating the use of any *674 lands within the town as a dump or dumping ground”. The authority the city seeks to invoke to exempt it from the operation of the ordinance in question is not at all clear. In fact, if the rationale of the case of O’Brien v. Town of Greenburgh (239 App. Div. 555, affd. 266 N. Y. 582) is applicable, it may well he that the defendant must show, in order to justify the creation of what may be a nuisance, a clear authority to create it in violation of the ordinance. The court in the O’Brien case said (p. 559): “ The cases cited are to the effect that the authority which will justify the maintenance of a nuisance must he clear and unambiguous and such as to show that the Legislature intended and contemplated the doing of the very act in question. We are of opinion that the same principles of law control and determine the rights of the plaintiffs under the zoning ordinance considered in this case. The right of the defendants to act under the authority conferred upon them in the disposition of garbage may not be questioned, but the wrong here involved is the contemplated erection of the plant in a restricted zone, violative of an ordinance adopted by the defendants and under which ordinance the plaintiffs acquired vested rights. The general authority conferred on the defendants to establish disposal plants did not involve an express or implied authority to establish them, or any of them, in violation of zoning ordinances adopted pursuant to the same source of power — the Legislature, and under which rights of individuals have become fixed. This case is not to be distinguished in principle from the nuisance cases.”
The defendant also urges that the ordinance in question is invalid as it is directed only at the defendant city, citing People v. Grant (306 N. Y. 258). The only evidence to support this contention is the following statement in the Mayor’s affidavit “ Deponent further states that the so-called ordinance of March 7, 1959 was directed solely and exclusively against the City of Glens Falls ”. The ordinance is general in its terms and applies to all persons who could establish, operate or maintain a dump. It is felt that it would be premature to pass on this question on this state of the record and it is left to be determined at the trial.
Accordingly, the temporary injunction is granted.
Submit order.