Hon. Richard I. Cantor Corporation Counsel City of Poughkeepsie
This is in response to your letter requesting an opinion whether the City of Poughkeepsie, in the event it should determine to locate and operate a solid waste disposal facility (also referred to here as a "refuse disposal area") outside its boundaries, must comply with zoning ordinances of the host municipality regulating or prohibiting solid waste disposal facilities.
The basic principles, enunciated in Nehrbas v Inc. Vil. of Lloyd Harbor,2 N.Y.2d 190 (1957), are that a municipality has a duty to assure the collection and disposal of solid wastes generated by its inhabitants and that such an activity constitutes a "governmental function", thus exempting the municipality engaged in such activity from compliance with its own zoning ordinances in carrying out such a function.
However, in Town of Queensbury v City of Glens Falls, 19 Misc.2d 671 (Sup Ct, Warren Co, 1959), affd 9 A.D.2d 836 (3d Dept, 1959) — the only New York case on "all fours" with the situation posed by you — it was expressly held that the foregoing principle enunciated in Nehrbas
could not be extended to exempt a City seeking to locate and operate a refuse disposal area in an adjacent town from compliance with the latter's ordinance requiring a permit to operate a refuse disposal area. In the Town of Queensbury case, the Court, as one of its bases for distinguishing the Nehrbas case (or refusing to extend its rule beyond the facts there involved), pointed out the different factual situations involved — Nehrbas involved only the garaging of garbage trucks in violation of the Village's ordinance, while Town of Queensbury involved the actual operation of a refuse disposal area in violation of the town ordinance. The Court characterized the latter use as one "amounting to a `nuisance in fact'" (Town of Queensbury v City of Glens Falls, supra, p 673), which concept of the nature of refuse disposal areas has often been stated by our courts (see, e.g., Wiggins v Town of Somers, 4 N.Y.2d 215
[1958]. City of Rochester v Gutberlett, 211 N.Y. 309 [1914]). That same concept (stated in terms of the hazard to a community from even carefully controlled "garbage dumps") has, in fact, recently been utilized in holding that a town ordinance barring the dumping of refuse originating from outside that town constitutes a reasonable exercise of the police power. Town of Plattekill v Dutchess Sani, 56 A.D.2d 150 (3d Dept, 1977), affd 43 N.Y.2d 662 (1977).
We are aware of the line of cases holding that a municipal unit exercising a governmental function outside its boundaries is not subject to zoning restrictions of the host municipality (County of Westchester vVil. of Mamaroneck, 22 A.D.2d 143 [2d Dept, 1964], affd 16 N.Y.2d 940
[1965]; Mtr of Bd. of Educ. v City of Buffalo, 32 A.D.2d 98 [4th Dept, 1969]; Oswald v Westchester County Park Commission, 234 N.Y.S.2d 465 [Sup Ct, Westchester Co, 1962], affd 18 A.D.2d 1139 [2d Dept, 1963]). However, those cases appear distinguishable from the instant situation, not only because none of them involved a refuse disposal area, but also by virtue of the fact that the governmental units therein acting in derogation of zoning ordinances of other jurisdictions derived their authority directly from the State, thereby acquiring the immunity which is an attribute of sovereignty. See 6 Rohan, Zoning and Land Use Controls, § 40.03 (2); cf. City of Rochester v Town of Rush,67 Misc.2d 451 (Sup Ct, Monroe Co, 1971), affd 37 A.D.2d 795 (4th Dept, 1971).
It is worthy of note that the City of Rochester case, while not directly in point on the question posed by you — since the refuse disposal area to be used by the City was to be constructed and operated in the Town of Rush by the New York State Environmental Facilities Corporation, a body created by the State Legislature — not only holds that the principle of sovereignty mandates that a body deriving its authority directly from the State be exempt from compliance with municipal zoning ordinances regulating refuse disposal areas, but, in dictum, expressly states that a city seeking to locate and operate a refuse disposal area in an adjacent town would not be so exempt (67 Misc.2d 328, at p 330).
It should also be noted that, despite constantly increasing regulation of solid waste disposal by Federal and State laws, the regulation of solid waste collection and disposal has been preempted neither by Federal law (Philadelphia v New Jersey, 437 U.S. 617 [1978]) nor by State law (Environmental Conservation Law, Art 27, § 27-0711). In fact, section 27-0711 of Title 7 of the State Environmental Conservation Law — which Title governs State regulation of solid waste management facilities — specifically provides that Title 7 does not supersede existing, nor preclude adoption of future, local laws, ordinances or regulations consistent with the title, and that local laws, ordinances or regulations are considered consistent if they meet the minimum applicable requirements of the title.
In view of the foregoing, it must be concluded that, should the City of Poughkeepsie determine to locate a solid waste disposal facility outside its corporate boundaries, it must comply with applicable local laws, ordinances or regulations of the municipality in which such facility is to be located.