(96 South. 628)

## HAMILTON v. JEFFERSON COUNTY.
### (6 Div. 935.)

(Supreme Court of Alabama. May '17, 1923.)

**1. Counties �köæ144—County held not liable to property owner for consequential injuries from bursting sewer.**

In exercising the powers and duties granted and imposed by Act Feb. 28, 1901 (Gen. Acts 1900–01, p. 1702), as to operation and maintenance of trunk lines of drains and sewers, Jefferson county is in the exercise of public and governmental powers and duties, and is not liable in a tort action by a property owner for consequential injuries caused by the bursting of a sewer and deposit of sewage on the owner's premises.

**2. Counties ⊚ 141—Act conferring corporate capacity to sue or be sued held not to impose general liability on counties.**

Code 1907, § 123, declaring that every county is a body corporate, with power to sue or to be sued in any court of record, does not impose a general liability on counties, but is intended merely to confer corporate capacity to sue or to be sued.

**3. Counties ⊚146—Not liable for neglect of officers to perform corporate duty in absence of statute.**

Counties are not liable for the neglect of their officers to perform a corporate duty, unless such a right of action is given by statute.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Albert S. Hamilton against Jefferson County, for damages caused by the bursting of a sewer and deposit of sewage on plaintiff's premises, alleged to be the result of the negligence of defendant in failing to keep said sewer in a reasonably safe condition. After demurrer sustained to the complaint, plaintiff declined to plead further, judgment was rendered for defendant, and plaintiff appeals. Affirmed.

William Vaughan and Thos. J. Judge, both of Birmingham, for appellant.

The county was liable for the tort alleged. Looney v. Jackson County, 105 Ala. 597, 17 South. 105; Lee County v. Yarbrough, 85 Ala. 590, 5 South. 341; Dallas County v. Dillard, 156 Ala. 354, 47 South. 135, 18 L. R. A. (N. S.) 884; Shannon v. Jeff. Co., 125 Ala. 384, 27 South. 977; 15 C. J. 272.

W. K. Terry, of Birmingham, for appellee.

A county is not liable for torts, in the absence of a statute making it so. Elliott on Roads & Streets (3d Ed.) § 535; Covington County v. Kinney, 45 Ala. 176; Jones v. Jefferson County, 206 Ala. 13, 89 South. 174.

SOMERVILLE, J. [1] This case is very clearly ruled by the case of Jones v. Jefferson County, 206 Ala. 13, 89 South. 174, wherein it was held on rehearing that in exercising the powers and duties granted and imposed by Act Feb. 28, 1901 (Gen. Acts 1900–01, p. 1702; Terry's Local Laws of Jefferson County, p. 532), with respect to the operation and maintenance of trunk lines of drains and sewers, Jefferson county—first, through a special commission, and afterwards through its board of revenue—was in the exercise of public and governmental powers and duties, and hence was not liable in a tort action by a property owner for any consequential injury resulting therefrom.

Counsel for plaintiff in this case make a forceful appeal for a review and retraction of that decision. We remain firmly convinced, however, that the decision in question is grounded upon sound public policy, and that the principle of immunity therein declared in favor of counties is in harmony with the oft-repeated declarations of this court. Barbour County v. Brunson, 36 Ala. 362, 366; Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Naftel v. Montgomery County, 127 Ala. 563, 567, 29 South. 29; Board of Revenue, etc., Mobile County v. State, 172 Ala. 155, 54 South. 995; Ensley, etc., Co. v. O'Rear, Treas., 196 Ala. 481, 482, 71 South. 704; 7 R. C. L. 954, § 29.

[2] There is no merit in the contention that section 123 of the Code, which declares that "every county is a body corporate, with power to sue or be sued in any court of record," imposes a general liability on counties. That provision is intended merely to confer corporate capacity to sue or be sued, which is a very different thing from corporate liability. This contention was in fact made and expressly denied in Askew v. Hale County, 54 Ala. 639, 642, 643, 25 Am. Rep. 730.

[3] In the instant case, the gravamen of the action is the negligence of county officials in failing to keep the sewer complained of in a reasonably safe condition. Apart from the principle of the Jones Case, supra, the courts hold, with practical unanimity, that counties are not liable for the neglect of their officers to perform a corporate duty, unless such a right of action is given by statute. Heigel v. Wichita County, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep. 63, citing numerous cases; Downing v. Mason County, 87 Ky. 208, 8 S. W. 264, 12 Am. St. Rep. 473; Board of Pitkin County Com'rs v. Ball, 22 Colo. 125, 43 Pac. 1000, 55 Am. St. Rep. 117, 7 R. C. L. 957, § 31.

There is nothing in our general statutes, nor in the special acts for Jefferson county, which subjects the county to such a liability, and the general law must prevail. This is, therefore, a stronger case for immunity than was the Jones Case, since it rests here upon broader grounds.

⊚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We hold that the demurrer to the complaint was properly sustained, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.