STEPHEN J. O'BRIEN and Others, Appellants, *v.* THE TOWN OF GREENBURGH and Others, Respondents.

Second Department, December 18, 1933

*Bern Budd* [*Clinton T. Taylor, Earle P. Hite* and *Kenneth C. Quencer* with him on the brief], for the appellant.

*Henry R. Barrett* [*Ernest Freeland Griffin* with him on the brief], for the respondents.

HAGARTY, J. The plaintiffs are property owners and householders in the town of Greenburgh, Westchester county. The defendants are the town of Greenburgh, a municipal corporation and township within the county of Westchester, and the individual members of the town board of that town. The action is for an injunction, the purpose of which is to prevent the defendant, the town of Greenburgh, from erecting a garbage disposal plant upon the property of the town situated in a zoning residence " A " district. The plaintiffs appeal from the judgment dismissing their complaint upon the merits.

The learned trial court found that the property described in the complaint, located in a residence " A " district, was procured by the defendant town for the purpose of erecting upon it a plant for the disposal of garbage and ashes, pursuant to the exercise of its governmental function. Residence " A " district, under a zoning ordinance adopted by the town on May 2, 1924, is the most highly restricted area in the town, and the ordinance provides that no disposal plant or similar structure shall be permitted, except upon the consent of a. designated percentage of the property owners. Garages are limited to those used for private purposes only and to accommodate not more than two cars. The contemplated incinerator is to be of sufficient capacity to dispose of 100 tons of garbage in each twenty-four hours and of sufficient size to house an additional unit capable of incinerating 50 tons of garbage in each twenty-four hours; that it is to be of a size sufficient to include a garage space for at least ten trucks and to be equipped with receiving bins for the storage of garbage awaiting incineration, and equipped with a chimney between 100 and 150 feet high. The garbage and other refuse is to be transported to the incinerator in trucks, and ashes are to be dumped upon the site. While the court found that such a plant is undesirable in a residential neighborhood, and that there are many districts in the town zoned for industrial purposes, the plans and specifications for the proposed plant are in accord with the best engineering principles, and it may not be determined in advance of the construction that the contemplated plant will be a nuisance. Further, it was found that the plaintiffs have no vested rights under the zoning ordinance.

There are six villages in the town: Hastings, Dobbs Ferry, Irvington, Tarrytown, Elmsford and Ardsley. All of those villages, except Tarrytown and Elmsford, together with that portion of the town outside of incorporated villages, intend to use the incinerator. We shall assume that it is the intention of the town to build a plant which shall be modern and up to date, and as free as possible of objectionable features ordinarily incident to such a plant as this. Nevertheless it will be objectionable, will destroy the value of property in its immediate vicinity — developed in reliance upon the zoning ordinance — and in terms will violate the ordinance.

The position of the town upon the trial, and which it seeks to maintain upon this appeal, is that the plaintiffs have no legal remedy in so far as the zoning ordinance regulating the district is concerned. The contention of the municipality rests upon the claim that it may not be enjoined from constructing a building necessary to the needs of the community, if authorized by law and if intended to promote the health and convenience of the inhabitants of the

town, even though the erection of such a structure violates its zoning regulation.

The source of authority in zoning and in disposing of garbage is the same — the Legislature. While authority for the last statement is unnecessary, it may be interesting to note the way it is put in 19 Ruling Case Law, 706: "It is accordingly well settled that it is within the power of the Legislature to delegate to a municipal corporation for municipal purposes and to be exercised within the municipal limits the three most essential branches of the legislative power of a sovereign State, namely, the police power, the power of taxation and the power of eminent domain."

The authority of the town to enact a zoning ordinance "for the purpose of promoting the health, safety, morals, or the general welfare of the community" is to be found in subdivision 18 of section 141-c of article 6 of the Town Law. The Town Law, subdivision 18-d of the section and article last above cited, provides that if a change in zoning is proposed and twenty per cent of the surrounding owners protest, such change shall not become effective "except by the favorable vote of at least four members of the town board." No change in zoning was proposed, either under the law or under the terms of the ordinance itself.

The town is authorized to collect and dispose of garbage, refuse and ashes, and "it shall be lawful" for it to purchase, maintain and operate a plant or incinerator for the disposal thereof. (Town Law, § 320.)

Zoning here has been accomplished, and was done pursuant to ordinance. The ordinance was adopted on the 2d day of May, 1924, effective May 20 of that year, and divides the town into districts. The town now proposes to exercise the authority given it by the Legislature in the disposal of garbage by erecting an incinerator with its appurtenances, which in terms is excluded from the proposed locality by its zoning ordinance, which concededly would preclude the erection and operation of such a structure by any one other than the town itself.

Briefly, the question presented is whether the town is precluded by its adopted ordinance from exercising the function of disposing of its garbage, as proposed by it, within the residence "A" district. In its present form the question is novel and turns upon a proposition of law not briefed upon this appeal, and that is, whether the disposition of garbage and refuse constitutes a corporate or a governmental function. If corporate, the plaintiffs are entitled to the relief sought, for the reason that in that capacity the town is bound

equally with all other persons, whether individual or corporate, by the terms of its own ordinance. If governmental, the question of plaintiffs' rights may not be determined in advance of the construction and operation of the incinerator, especially in view of the refusal by the learned trial court to find upon the evidence that the operation of the plant will constitute a nuisance *per se*. With that ruling we are not inclined to interfere.

The basic rights of the plaintiffs in this case rest upon the zoning ordinance and not upon the objection that the plant in operation will constitute a nuisance. The ordinance specifically excludes garbage disposal plants and garages, except as stated, from the territory embraced in the district within which it is proposed to construct this plant. In reliance upon the ordinance, the district was developed pursuant to its limitations and mandates. The town now proposes to disregard its own general plan, adopted pursuant to the power delegated to it by the Legislature and imposed upon the property holders of the district, claiming its right so to do from the same source of power. We think that cannot be done.

There is a distinction between the acts of a municipality in the performance of a governmental function carrying out a legislative mandate and those acts which may be deemed municipal or corporate acts. The difference is that in the first instance the municipality is executing the legislative mandate related to a public duty generally, while in the other it is exercising its private rights as a corporate body. The defendants here must assume, in justification, that they are engaged in the performance of a public function as distinguished from a corporate act, since the plaintiffs' recognized rights under the ordinance are being infringed, if not destroyed, with impunity. In *Hill* v. *Mayor, etc., of New York* (139 N. Y. 495) it was written: " Surely, an authority which so results should be remarkably strong and clear. In *U. S.* v. *Fisher* (2 Cranch, 390), Chief Justice MARSHALL said: ' Where rights are infringed, where fundamental principles are overthrown, where the general system of the laws is departed from, the legislative intention must be expressed with irresistible clearness to induce a court of justice to suppose a design to effect such objects.' In *Cogswell* v. *N. Y., N. H. & Hartf. R. R. Co.* (103 N. Y. 10) Judge ANDREWS said: ' But the statutory sanction which will justify an injury to private property must be express, or must be given by clear and unquestionable implication from the powers expressly conferred, so that it can fairly be said that the Legislature contemplated the doing of the very act which occasioned the injury.' And in *Bohan* v. *Port Jervis Gas Light Co.* (122 N. Y. 18) the same rule was asserted." (See, also, *Morton* v. *Mayor, etc., of New York*, 140 N. Y. 207;

*Sammons* v. *City of Gloversville*, 175 id. 346; *Kobbe* v. *Village of New Brighton*, 23 App. Div. 243; *District of Columbia* v. *Totten*, 5 F. [2d] 374.) The cases cited are to the effect that the authority which will justify the maintenance of a nuisance must be clear and unambiguous and such as to show that the Legislature intended and contemplated the doing of the very act in question. We are of opinion that the same principles of law control and determine the rights of the plaintiffs under the zoning ordinance considered in this case. The right of the defendants to act under the authority conferred upon them in the disposition of garbage may not be questioned, but the wrong here involved is the contemplated erection of the plant in a restricted zone, violative of an ordinance adopted by the defendants and under which ordinance the plaintiffs acquired vested rights. The general authority conferred on the defendants to establish disposal plants did not involve an express or implied authority to establish them, or any of them, in violation of zoning ordinances adopted pursuant to the same source of power — the Legislature, and under which rights of individuals have become fixed. This case is not to be distinguished in principle from the nuisance cases.

The judgment should be reversed on the law and the facts, with costs, and judgment directed for the plaintiffs, with costs.

KAPPER and DAVIS, JJ., concur; concurring opinion by CARSWELL, J., with which LAZANSKY, P. J., KAPPER and DAVIS, JJ., concur.

CARSWELL, J. I concur in result. The facts and pertinent statutes sufficiently appear in Mr. Justice HAGARTY's opinion.

The collection and disposal of garbage may be a direct activity of a municipal corporation, or it may contract for the work to be done by a private instrumentality. (*City of Rochester* v. *Gutberlett*, 211 N. Y. 309; *Balch* v. *City of Utica*, *No. 1*, 42 App. Div. 562.)

The acts of a municipal corporation fall into two classes: (1) The performance of governmental functions, and (2) the doing of acts in its proprietary capacity pursuant to a special legislative grant of power. In discharging a governmental function, a municipal corporation is performing acts required of it by mandate. When acting in its proprietary capacity it does so perforce permissive legislative enactments. The activity of the municipal corporation here sought to be restrained is engaged in as a consequence of permissive legislation; it is not engaged in as a consequence of mandatory legislation. Here the municipal corporation has a choice as to the instrumentality and an opportunity to determine whether it shall perform the function itself or do so through another. If the municipal corporation, itself, decides to act, it does so in its proprietary capacity, and may not have the immunity invoked by

the defendants herein. That immunity from restraint is available only in respect of a municipal activity in discharge of a governmental function. (*Maxmilian* v. *Mayor*, 62 N. Y. 160, 163; *Oakes Mfg. Co.* v. *City of New York*, 206 id. 221.)

When a municipal corporation acts in its proprietary capacity, it is subject to the same standards and restraints which are applicable to a private individual or corporation in the conduct of a similar business. (*Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221, 227; *City of Buffalo* v. *Bettinger*, 76 id. 393; *People* v. *Ingersoll*, 58 id. 1; *People ex rel. D., etc., R. R. Co.* v. *Batchellor*, 53 id. 128; *Webb* v. *Mayor, etc., of New York*, 64 How. Pr. 10.)

The statutes here pertinent are permissive. The activity of the municipal corporation here challenged is in its proprietary capacity. As such, it is subject to the same restraints as is any private corporation or natural person; hence the zoning regulations in their present unamended form preclude the proposed construction by the defendants within the residence " A " district. It follows that the plaintiffs are entitled to injunctive relief.

LAZANSKY, P. J., KAPPER and DAVIS, JJ., concur.

Judgment reversed on the law and the facts, with costs, and judgment directed for the plaintiffs, with costs. Findings inconsistent herewith are reversed and new findings will be made. Settle order on notice.