16 So.2d 1

**DAVIS v. CITY OF MOBILE.**

**1 Div. 200.**

Supreme Court of Alabama.

Dec. 16, 1943.

D. R. Coley, Jr., of Mobile, for appellant.

Harry Seale, of Mobile, for appellee.

FOSTER, Justice.

The question on this appeal is the ruling on demurrer to a bill of complaint in equity in which complainant seeks to enjoin the city of Mobile from enforcing as to complainant certain features of an ordinance whose title is in substance that it is to regulate the operation of trailer camps. Complainant appeals from an adverse ruling.

The ordinance is much more than one to regulate trailer camps, in that it contains a clause which complainant claims is invalid as applied to him on the facts alleged. The clause is section 3–c, as follows: "No person shall park or occupy any trailer on the premises of any occupied dwelling or on any lot which is not a part of the premises of any occupied dwelling either of which is situated outside an approved trailer camp; except the parking of unoccupied trailers in an accessory private garage building, or in a rear yard in any district, is permitted providing no living quarters shall be maintained or any business practiced in said trailer while such trailer is so parked or stored."

The bill sets up complainant's status as respects that feature of it as follows:

"Second: That he is now occupying and has for more than one year prior to the filing of this bill of complaint occupied a portable home known as a trailer on the rear portion of a lot upon which is situated an occupied dwelling, which said dwelling and lot are situated outside of an 'approved trailer camp' in the city of Mobile.

"Third: That the said trailer is located a reasonable distance from said dwelling; that he has ready access to bath, toilet and sanitary sewer connection; that water is supplied to his said trailer, and that it is in all ways maintained in a clean and sanitary manner; that his said trailer is maintained in a manner to comply with any requirements of the Board of Health of the State of Alabama. * * *

"Seventh: Complainant further shows that he had occupied the said trailer on said premises for a long period of time prior to and was occupying the same at the time of the adoption of said ordinance; that he had established himself in the community in which his said trailer is located; that he is engaged in working at the Alabama Dry Dock & Shipbuilding Company's plant as a skilled mechanic, and that the said location is reasonably accessible to his place of work.

"Eighth: That there are located in the City of Mobile some so-called approved trailer camps, but that there are no trailer camps located in the city of Mobile and to which complainant might move his said trailer which afford the same or adequate sanitary facilities or suitable living accommodations.

"Ninth: Complainant further shows that he cannot secure a suitable place upon which to locate his said trailer at any point near or accessible to his place of work, and that adequate and reasonable transportation facilities are not available.

"Tenth: That when he began occupying said trailer upon said location, he could not secure any other living accommodations, and he has now invested in said trailer a very substantial sum of money; that in the event he cannot continue to occupy his said trailer within the city of Mobile then he will be compelled either to move from the city of Mobile, or to lose the investment he has in said trailer, and attempt to secure other living accommodations."

The attack made on this provision of the ordinance is that it is unconstitutional as an unreasonable and arbitrary restraint upon the use of his property and not authorized for the general welfare and health of the public.

The power of the city in this connection is derived from State statute. 12 Corpus Juris 910, § 418; 16 C.J.S., Constitutional Law, § 178; Spear v. Ward, 199 Ala. 105, 74 So. 27.

Section 455, Title 37, Code of 1940, authorizes cities to pass ordinances to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of the inhabitants. See, also, section 505, Title 37, Code of 1940.

And section 777, Title 37, Code of 1940, authorizes cities to provide for zoning the area under this jurisdiction in accordance with a comprehensive plan, to accomplish purposes substantially as set out in section 455, supra, but enlarged as to detail, and for other purposes. Section 594, Title 62, Code of 1940, confers that power specifically on the city of Mobile, with some modification not here material.

We doubt not that such a provision as is contained in section 3–c, supra, could be appropriately made a part of city wide zoning ordinance or program. Leary v. Adams, 226 Ala. 472, 147 So. 391. There must be a comprehensive plan. A single ordinance laying off a portion of the city as a residential district, prohibiting other structures, taking no account of other areas has been by us held to be not

permissible under that authority. Chapman v. City of Troy, 241 Ala. 637, 4 So.2d 1.

A similar question was considered in Gillette v. Tyson, 219 Ala. 511, 122 So. 830, wherein the city passed an ordinance prohibiting the erection of a filling station in the "A" residential district. This was not a part of a valid zoning ordinance. An effort was made to justify it under section 2034, Code of 1923 (section 505, Title 37, Code of 1940), to prevent injury or annoyance from anything dangerous or offensive, or unwholesome. But we said that a filling station is not so prima facie, but may become so in fact; that the city cannot in advance of its operation and without a showing that it will be a nuisance in fact, declare it to be so merely by an ordinance, and cannot prohibit it unless it becomes or will become a nuisance by the manner of its use, except by a valid zoning ordinance.

■■ Ordinarily the owner of property may use it as he sees fit, provided it is not a nuisance, nor otherwise a hazard to the safety and well-being of others, and not in violation of regulatory laws within the police power, nor within the prohibition of zoning ordinances. Otherwise, he may select the nature, location and material for any structure he wishes to put on it for any legitimate purpose he desires. Compare, Spear v. Ward, 199 Ala. 105 (5), 74 So. 27; First Avenue Coal & Lumber Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L.R.A.,N.S., 522.

■ A city commission cannot prohibit a certain nature of building not dangerous per se or a nuisance per se, nor so in fact as used, when it is not violative of regulatory provisions. Chapman v. City of Troy, supra, and in Gillette v. Tyson, supra; Spear v. Ward, supra (5, 6 and 7), except as made a part of a comprehensive and valid zoning program. Leary v. Adams, supra.

■ But regulations as to such use under the police power of the city are available to it, when not discriminatory in their operation, and not arbitrary; for they are proper means to accomplish the purposes of such police power. Board of Com'rs of City of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A.,N.S., 575; Eidge v. City of Bessemer, 164 Ala. 599, 51 So. 246, 26 L.R.A.,N.S., 394.

The city could very properly provide regulations for trailer parking as living quarters or for business purposes reasonably adapted to promote traffic convenience, safety, morals and health, and can make such regulations relating to trailer camps or tourist camps. See 115 A.L.R. 1399; State v. Hayes Inv. Corp., 13 Wash.2d 306, 125 P.2d 262; Cady v. Detroit, 289 Mich. 499, 286 N.W. 805; People v. Hedgcock, 106 Colo. 300, 104 P. 2d 607; Miller v. Quigg, 87 Fla. 462, 100 So. 270. And establish zoning laws in that connection by valid ordinances.

■ It is not clear from the bill that the ordinance in question is not a part of a comprehensive zoning program or properly integrated with one, all passed and adopted as authorized and required by section 594, Title 62, Code of 1940. On demurrer to the bill when special grounds are assigned the presumptions are against the complainant. 8 Ala. Digest, Equity, ⬤⇒241.

■ Section 5 of the ordinance refers to a trailer camp zone. In the absence of allegations in the bill to the contrary, we will presume against complainant that Mobile is zoned for trailer camps and parking, and that the ordinance in question is a part of the comprehensive plan required by law for zoning the whole area of the city.

■ So considered, complainant has not by his allegations shown that he is entitled to relief on the basis of the Chapman and Tyson cases, supra, or any other principle insisted on.

The decree sustaining demurrer to the bill is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.