31 So.2d 66

**ROSE v. CITY OF ANDALUSIA.**

**4 Div. 442.**

Supreme Court of Alabama.

May 15, 1947.

Rehearing Denied June 26, 1947.

A. Whaley and Whaley & Whaley, all of Andalusia, for appellant.

Robt. B. Albritton, of Andalusia, for appellee.

LAWSON, Justice.

This bill in equity was brought by the City of Andalusia to restrain the respondent, Joe Rose, from violating a zoning ordinance of said city.

From a decree overruling his demurrer the respondent, Rose, prosecutes this appeal.

The municipalities of this state may enact zoning regulations in accordance with the terms and provisions of §§ 772–785, Title 37, Code 1940.

Under the terms of § 782, Title 37, supra, a municipality may employ injunction to prevent violation of a zoning ordinance. Such a proceeding may be instituted in the name of the municipality, as was done in this case. Elizabeth City v. Aydlett, 200 N.C. 58, 156 S.E. 163. It is not mandatory that a zoning commission be appointed, although such a commission may be designated under § 780, Title 37, supra.

Under our practice it is not necessary that a city ordinance be set out in haec verba in a bill of complaint filed by a municipality. Goldthwaite v. City Council of Montgomery, 50 Ala. 486. The rule is stated in Rosenberg v. City of Selma, 168 Ala. 195, 198, 52 So. 742, 743, as follows: "Pleading, with us, is not required to be so exact, so definite, so certain, as would be the result of an affirmation that ordinances should be set out in haec verba. The substance of the ordinance, its authoritative ordination as a rule of conduct of the municipality, and that the party charged has violated it meets all the requirements of good pleading."

The complaint in this case contains averments to the effect that the City of Andalusia had adopted a zoning ordinance which is set forth in Chapter 26 of the City Code of Andalusia, which code was adopted by the governing body of the city on the 28th day of November, 1941, and which became effective on the 1st day of January, 1942. Subsection (a) of § 5 of Chapter 26 of said City Code, which subsection relates to the "use regulations" within a "residence district," is set out in the bill. It is then alleged that while the said zoning ordinance was in full force and effect the respondent violated § 5(a) of the said zoning ordinance and the facts constituting the alleged violation of said ordinance are set out. These averments are sufficient under the decisions of this court. Goldthwaite v. City Council of Montgomery, su-

pra; Rosenberg v. City of Selma, supra; Nashville, Chattanooga & St. Louis Ry. v. Alabama City, 134 Ala. 414, 32 So. 731.

When a city passes an ordinance, the presumption applies that it did what was necessary to make that ordinance valid. When an ordinance is not invalid on its face, the burden of alleging and proving facts to support claims of invalidity is on the party so asserting. Titus v. Braidfoot, 226 Ala. 21, 145 So. 423. It was not necessary, therefore, for the municipality to affirmatively aver or show that the said zoning ordinance included the whole municipality in a comprehensive zoning plan, although it has been held that a zoning ordinance which is not so applicable is invalid. Chapman v. City of Troy, 241 Ala. 637, 4 So.2d 1; Johnson v. City of Huntsville, Ala.Sup., 29 So.2d 342.[1] The decision in the case of Davis v. City of Mobile, 245 Ala. 80, 16 So.2d 1, is not here controlling, as the situation there is the exact converse of that here presented. Davis sought to enjoin the enforcement of an ordinance of the City of Mobile. The ordinance was presumptively valid. It was held that the bill was demurrable in that it was not clear from the bill that the ordinance there in question was not a part of a comprehensive zoning program.

The action of the lower court in overruling the demurrer to the bill of complaint is sustained.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.