■ CITY OF NEW ROCHELLE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35844.) — Appeal from a judgment entered on a decision rendered after trial in the Court of Claims. The State has appropriated for the New England section of the Thruway a small parcel of land owned by the City of New Rochelle and used to maintain sewage and drainage facilities. An award has been made to the city by the Court of Claims. The issue is whether sewage and drainage is a governmental function of the city, in this case prior to the enactment of section 3 of the General Municipal Law, effective March 8, 1960, or whether it is a proprietary function, in which case compensation could be allowed. The allocation of this kind of function, affecting as it does public health and not limited in its benefits alone to the inhabitants of the city, has been treated as governmental in character. (*Brush* v. *Commissioner*, 300 U. S. 352, 371; *Hughes* v. *City of Auburn*, 161 N. Y. 96; *Cassel* v. *City of New York*, 224 N. Y. 580; 6 Nichols, *Eminent Domain*, § 31.48, p. 542.) Similar functions, e.g., disposition of rubbish and garbage have been held governmental (*Nehrbas* v. *Incorporated Vil. of Lloyd Harbor*, 2 N Y 2d 190; *Hewlett* v. *Town of Hempstead*, 3 Misc 2d 945, affd. 1 A D 2d 954, motion for leave to appeal denied 1 N Y 2d 643). To the extent *O'Brien* v. *Town of Greenburgh* (239 App. Div. 555, affd. 266 N. Y. 582) may be deemed inconsistent as to garbage collection, it must be deemed limited by *Nehrbas* v. *Incorporated Vil. of Lloyd Harbor* (*supra*). Judgment reversed, on the law and the facts, and claim dismissed, without costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur. [34 Misc 2d 454.]